IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| MICHAEL J. OBERLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-CV-1090 |
| ) | |
| SOLID PLATFORMS, INC., ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This cause comes before the Court for Report and Recommendation on Plaintiff Michael Oberle's Motion for Remand (d/e 5). The matter is fully briefed and ripe for determination. After carefully considering the submissions of the parties pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Motion for Remand be DENIED.

I. BACKGROUND

Plaintiff filed the pending Complaint on March 11, 2008 in the Circuit Court of Tazewell County, Illinois. Notice of Removal (d/e 1), Ex. A, Complaint. According to the Complaint, Plaintiff was injured during the performance of his employment by Midwest Generation LLC as an electrical maintenance worker while standing on a scaffolding erected by Defendant. Plaintiff alleges that

Defendant had the duty to exercise ordinary care in the inspection and securing of the scaffolding that injured Plaintiff.  The Complaint alleges claims of negligence and careless acts or omissions against the Defendant.  According to the Complaint, Plaintiff sustained injuries "including, but not limited to, injuries to his right and left upper extremities, when he fell through a portion of the aforesaid scaffold which had not been properly secured".  Complaint, p. 2.  Additionally, the Complaint asserts that "Plaintiff has in the past and may in the future expend and become obligated to expend large sums of money" for medical bills and that Plaintiff "has in the past and may in the future be hindered, hampered and prevented from carrying on ordinary affairs and duties . . . ."  Complaint, ps. 2,3.  The Complaint prays damages in an amount in excess of $50,000.00, in compliance with 735 ILCS 5/2-604, which provides as follows: "in actions for injury to the person, no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed."

    Defendant was served with the Complaint on March 27, 2008.  Notice of Removal, Ex. B.  Defendant filed its Notice of Removal (d/e 1) on April 17, 2008 alleging the existence of diversity jurisdiction as a proper basis for removal.  Id., p. 2.  On May 19, 2008, Plaintiff filed his Motion for Remand (d/e 5) stating that at this time his damages did not exceed $75,000 and removal was not proper.  Plaintiff did not dispute diversity of the parties.  On April 22, 2008,

Defendant filed its Answer (d/e 4), and on May 22, 2008, Defendant served Plaintiff with a request to admit "[t]he damages actually sought by the plaintiff for all claims of which he is or should be aware, arising out of the allegations which are the subject of his Complaint, do not exceed the sum or value of $75,000, exclusive of interests and costs". <u>Defendant's Response to Plaintiff's Motion for Remand</u>, p. 3, Ex. C. Plaintiff's responses to the request to admit state "at this time the value does not exceed $75,000. However, the Plaintiff has been advised by his treating physician that he should undergo surgery for injuries which in the doctor's opinion are caused by this accident. In the event the Plaintiff undergoes such recommended surgery the damages would exceed $75,000." Further, in response to request to admit #2, Plaintiff "denies that he will not ever claim more than $75,000.00. In the event the Plaintiff undergoes surgery for injuries related to this accident, it is the opinion of Plaintiff's counsel that the value of this claim would, in that event, exceed $75,000.00." <u>Defendant's Supplement to Response to Plaintiff's Motion for Remand</u>, Ex. A.[1]

## II.  ANALYSIS

Removal is proper in any action that could have originally been filed in federal court. 28 U.S.C. § 1441. Defendant's Notice of Removal asserts that

---

[1] The response to request to admit facts is signed by counsel for Plaintiff, but is undated.

this Court has diversity jurisdiction over the instant matter.  Federal diversity jurisdiction exists when the parties are diverse and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  The Seventh Circuit mandates "that a party that chooses federal court set out the basis of federal jurisdiction and prove any contested factual allegation."  Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (2006).  When the complaint at issue lacks an ad damnum sufficient to establish the requisite amount in controversy, a removing defendant has the burden of establishing the size of the claim in some other way.  Rising-Moore v. Red Roof Ins, Inc., 435 F.3d 813, 815-16 (7th Cir. 2006).  The Seventh Circuit has suggested several ways in which this could be done, including contentions interrogatories or admissions in state court, calculation from the complaint's allegations, reference to the plaintiff's informal estimates or settlement demands, or affidavits from the defendant's employees or experts about how much it would cost to satisfy the plaintiff's demands.  Meridian Sec. Ins. Co., 441 F.3d at 541-42 (citing cases).

     Defendant ascertained that diversity jurisdiction existed when it received service of Plaintiff's Complaint.  Thereafter, Defendant took steps to verify with specificity the amount in controversy after Plaintiff filed his Motion for Remand. The Seventh Circuit has not addressed the degree of specificity of allegations necessary to establish the jurisdictional amount from the face of a complaint, and district courts in this circuit have reached varying conclusions on the issue.  In

McCoy v. General Motors Corp., a court in the Northern District of Illinois deemed it "obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages" when Plaintiffs, who were minors, alleged that they suffered "lasting and permanent injuries," as well as "severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." McCoy, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002). In Landacre v. Chantal, however, a court in the Southern District of Illinois deemed allegations that Plaintiff suffered "permanent injuries" and that he would be "disabled throughout his life" to be insufficient to establish the requisite amount in controversy. Landacre, 2007 WL 2564080, *2, 4 (S.D. Ill. September 4, 2007).

The relevant allegations of the Complaint are that Plaintiff sustained injuries which may cause the Plaintiff to "expend large sums of money for doctor bills, hospital bills and other bills for medical attention". The Complaint asserts that "Plaintiff has in the past and may in the future expend and become obligated to expend large sums of money" for medical bills and that Plaintiff "has in the past and may in the future be hindered, hampered and prevented from carrying on ordinary affairs and duties . . . ." (emphasis added).

The Court believes that a common-sense reading of the allegations of Plaintiff's Complaint, along with Plaintiff's responses to Defendant's requests to admit, does establish the requisite jurisdictional amount with the required degree

of certainty.  After receipt of Plaintiff's Motion to Remand, Defendant promptly served a request to admit in an attempt to gather evidence on the amount in controversy.  Defendant's approach using limited discovery to ascertain with clarity the amount in controversy was the correct methodology herein.  Plaintiff's response to request to admit #1 states: "In the event the Plaintiff undergoes such recommended surgery the damages would exceed $75,000.00".  Removal is correct under 28 U.S.C. § 1332.

### III. CONCLUSION

For all the above reasons, I recommend that Plaintiff Michael J. Oberle's Motion for Remand (d/e 5) be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(C).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986); Local Rule 72.2.

ENTER:  July 2, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE